UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAIN BOYKIN,

              Plaintiff,

-against-

ST. LUKE'S CORNWALL HOSPITAL,

              Defendant.

18-CV-7279 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in the Clinton Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. He sues St. Luke's Cornwall Hospital, in Newburgh, Orange County, New York, and seeks monetary damages. By order dated March 13, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims]

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges that on February 3, 2017, after he suffered a gun-shot wound to his upper back, he was brought to St. Luke's Cornwall Hospital. A physician there informed him that a tube needed to be inserted into the right side of his chest. After hospital staff inserted the tube, Plaintiff informed the physician that he was feeling additional pain in his chest where hospital staff had inserted the tube. Because of that pain, for the next four or five days, Plaintiff complained about it to anyone who came into his hospital room. A physician then informed him that there was an "air leak in the chest tube," and that it had to be removed and replaced. Plaintiff then complained again multiple times. It is unclear if the tube was ever removed and replaced. On or about February 11, 2017, hospital staff discharged Plaintiff, allegedly without giving him any medication for his pain. He seeks $7,000,000 in damages.

## DISCUSSION

**A.     St. Luke's Cornwall Hospital**

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that a person acted under the color of a state "statute, ordinance, regulation, custom or usage" to deprive the plaintiff of a federally protected right. 42 U.S.C. § 1983. Private parties are therefore not generally liable under that statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted).

Plaintiff asserts § 1983 claims against St. Luke's Cornwall Hospital, a private hospital. But he has failed to allege sufficient facts to state a § 1983 claim against it because he has failed

to allege any facts showing how it acted as a state actor when it allegedly violated his federally protected rights. The Court therefore dismisses Plaintiff's § 1983 claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     State-law claims**

The Court construes Plaintiff's complaint as asserting additional claims under state law under the Court's supplemental jurisdiction. But the Court declines to exercise jurisdiction over these claims. A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C.     Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 17, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge